IN THE UNITED STATES DISTRICT COURT FOR
                THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *

CANAL INSURANCE COMPANY,
                                    *

       Plaintiff,
                                    *    CIVIL NOS.: WDQ-06-3330
            v.                                        WDQ-07-0474
                                    *                 CONSOLIDATED
CECELIA PARTEE, ET AL.,
                                    *

       Defendants.
                                    *


*      *      *      *      *      *      *      *      *      *      *      *      *

                           MEMORANDUM OPINION

       Canal Insurance Company ("Canal") filed an interpleader

complaint against Cecelia Partee, Aaron W. Beale, the Estate of

Aaron G. Beale, the Estate of Lillie Beale, the Estate of William

Henry Beale, Sr., John T. Greggs and Doris June Greggs,

Crossroads Transportation, LLC ("Crossroads"), Sub Zero Tours and

Transportation, LLC ("Sub Zero"), Zurich American Insurance

Company ("Zurich"),[1] H.C. Howell and Sons Trucking, Inc.

("Howell"), and the Maryland Department of the Environment

("MDE").  *See* Fed. R. Civ. P. 22(1).  Pending is Canal's motion

to enjoin preliminarily a pending state court proceeding.  For

the following reasons, Canal's motion will be denied.

I.   Background

       On May 4, 2005, there was a deadly traffic accident between

_____

       [1] Zurich was dismissed from the case on April 25, 2007.
Paper No. 27.

                                    1

a tractor-trailer driven by Dale Perrilloux and a trash truck driven by John Thomas Greggs on Interstate 895 in Maryland.  Am. Compl. ¶¶ 6-7.[2]  Perrilloux, a Louisiana resident, died from injuries suffered in the accident.  *Id.* ¶ 6.  The tractor driven by Perrilloux was owned by Crossroads and leased to Sub Zero, which are corporations with principal places of business in Louisiana.  *Id.*  Canal, a South Carolina corporation, insured Sub Zero.  *Id.* ¶ 5.  Aaron Gerard Beale, a passenger in the truck driven by Greggs, and a Maryland resident, died of his injuries. *Id.* ¶ 7.  Greggs, a Maryland resident, was injured in the crash. *Id.* ¶ 10.[3]  The trash truck driven by Greggs was owned by Howell. *Id.* ¶ 7.  After the accident, an MDE response team contained and removed environmental hazards from the scene.  *Id.* ¶ 11.

Canal's interpleader complaint seeks to determine the amount of damages owed from its insurance policy.  *Id.* ¶ 13.  On December 26, 2006, John Thomas Greggs and Doris June Greggs sued some of the Defendants in the Circuit Court for Baltimore City. That case was removed to this Court, and consolidated with this

---

[2] On January 12, 2007, Canal filed an amended complaint. Paper No. 9.  All references are to the amended complaint unless otherwise noted.

[3] Aaron W. Beale and Cecelia Partee, Maryland residents, are the son and daughter of Aaron G. Beale and are Personal Representatives for his estate.  Am. Compl. ¶ 8.  William H. Beale, Sr., and Lillie Beale were the parents of Aaron G. Beale, and died in 2005.  *Id.* ¶ 8(a).  The Estates of Lillie and William H. Beale, Sr., and Aaron G. Beale are in Baltimore City Orphans Court.  *Id.* ¶¶ 8(a)-9.

action.  Paper No. 17.  On March 29, 2007, the Beales sued some
of the interpleader Defendants in Baltimore City Circuit Court.
Canal's Mot. Prelim. Inj. Ex. 1.  On July 17, 2007, Canal filed
this motion for a preliminary injunction to enjoin that
proceeding and has requested that all actions relating to its
insurance policy be resolved in this Court.

II.  Analysis

Canal argues that the Court should enjoin the Beales'
pending suit in Baltimore City Circuit Court.  Relying on Rule 22
and the Anti-Injunction Act,[4] Canal contends that the Court has
the power to enjoin that state court proceeding.[5]  The Beales
counter that Canal's request is overbroad, and although the Court
has the power to resolve the allocation of funds from Canal's
policy, the Court does not have the power to enjoin state
proceedings that simply involve the underlying tort claims.  The
Beales also contend that if the Court enjoins their pending suit,
Greggs and Howell, who are Maryland citizens, would be immunized
from potential cross-claims.

Interpleader allows a party who controls a limited fund to
avoid defending multiple claims in different forums and resolve
the controversy in a single proceeding.  7 Charles Alan Wright,

---

[4] 28 U.S.C. § 2283 (2006).

[5] Crossroads and Sub Zero request that the Court grant
Canal's motion.  Paper No. 32.

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*
§ 1704 (3d ed. 2001).  Under Rule 22, "[p]ersons having claims
against the plaintiff may be joined as defendants and required to
interplead when their claims are such that the plaintiff is or
may be exposed to double or multiple liability."  Fed. R. Civ. P.
22(1).  Rule 22 interpleader actions must fall within one of the
statutory grants of federal jurisdiction, such as diversity
jurisdiction.  *See* 28 U.S.C. § 1332 (2000);[6] *Commercial Union
Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993).
Any injunctions issued under rule interpleader must comply with
the Anti-Injunction Act.[7]  4 Wright et al., *Federal Practice and
Procedure* § 1717.

The parties focus their attention on the seminal
interpleader case of *State Farm Fire & Casualty Co. v. Tashire*,
386 U.S. 523 (1967).  In *State Farm*, a traffic accident between a
bus and a pickup truck resulted in the death of two bus
passengers.  *Id.* at 525.  Several passengers initiated suit in
state court, but State Farm, representing the insured pickup

---

[6] Canal's South Carolina citizenship differs from that of
all Defendants in the interpleader suit, and the amount in
controversy exceeds $75,000.  Therefore, there is complete
diversity.

[7] The Act provides: "A court of the United States may not
grant an injunction to stay proceedings in a State court except
as expressly authorized by Act of Congress, or where necessary in
aid of its jurisdiction, or to protect and effectuate its
judgments."  28 U.S.C. § 2283.

driver, filed a statutory interpleader suit against the parties in federal court. *Id.* The federal district court granted an injunction for State Farm, restraining the prosecution of suits outside the interpleader action. *Id.* at 526-27.

The Supreme Court reversed, finding that the injunction was overbroad. *Id.* at 533. The Court focused on the $20,000 limit of State Farm's policy, explaining that "the mere existence of such a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund." *Id.* at 534. Referencing the intended purposes of interpleader,[8] *State Farm* distinguished the present multiple tortfeasor case from a case where the fund itself "mark[ed] the outer limits of the controversy." *Id.* The Court made clear that interpleader was not intended to be the solution to multiparty mass tort litigation, "capable of sweeping dozens of lawsuits out of the various state and federal courts in which they were brought and into a single interpleader proceeding." *Id.* at 536. Thus, the Court directed the lower federal court to limit the injunction to those claimants seeking to enforce judgments against the insured outside of the interpleader action. *Id.* at 535.

---

[8] The *State Farm* Court remarked that the interpleader remedy was designed to help insurers handle "conflicting but mutually exclusive claims to a policy," rather than to resolve independent claims of various claimants that may exceed the total amount of the fund. *State Farm*, 386 U.S. at 533-34 nn.15-16.

Canal claims that *State Farm* is factually distinguishable because Canal's policy limit is $1,000,000. Canal cites State Farm's "meager" $20,000 policy limit, *id.*, and contends that its million-dollar policy "can hardly be characterized as 'meager.'" Canal's Reply at 2. Although State Farm's funds were limited, the force of the opinion was directed at the attempt to employ interpleader as an "all-purpose 'bill of peace.'" *State Farm*, 386 U.S. at 535. That Canal has an insurance policy that may be claimed by some of the accident victims or their representatives does not mean that it can force all ensuing litigation into this forum. *Id.*

Canal has emphasized that its complaint is based on rule--not statutory--interpleader. Statutory interpleader complainants have nationwide service of process,[9] which affords federal courts broad powers to enjoin claimants from litigating issues involved in the interpleader action.[10] Moreover, rule interpleader

---

[9] The process provision of statutory interpleader provides:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants . . . . Such process . . . shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

28 U.S.C. § 2361 (2006).

[10] "[A] district court may . . . enter its order restraining them [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader

6

contains no similar statutory bypass of the Anti-Injunction Act.
As the *State Farm* Court was willing to restrict statutorily
authorized injunctions, this Court would be ill-advised to enjoin
state court proceedings for an interpleader action not authorized
by statute.

Canal nonetheless contends that the Anti-Injunction Act
supports its argument that the Beales' state court suit should be
enjoined.  Canal argues that the bar against federal injunctions
of pending state court proceedings should be bypassed because it
is "necessary in aid of [this Court's] jurisdiction" and will
"protect or effectuate its judgments."  Canal's Mot. Prelim. Inj.
at 8-9 (*quoting* 28 U.S.C. § 2283).  Canal relies on *General
Railway Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991), to
support its conclusion.

In *General Railway*, the Seventh Circuit determined that a
railway company had improperly filed a statutory interpleader
action seeking the resolution of a dispute between two claimants
over a discrete fund.  *Id.* at 701-03.  In dicta, the court
explained that if the railway company made a proper showing under
Rule 65 for injunctive relief, the Anti-Injunction Act would not
bar a rule interpleader action.  *Id.* at 706-07.  The *General
Railway* court relied on a 1960 federal district court decision
that also suggested in dicta that the Anti-Injunction Act should

action until further order of the court."  *Id.*

7

not bar rule interpleader injunctions.  *Id.* (*quoting Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 484-85 (E.D. La. 1960) (equity power to enjoin under statutory interpleader suggests the power to enjoin in rule interpleader as well)).

Canal may not rely upon *General Railway*.  Additionally, Canal's contention that enjoining the Beales' state suit would "protect or effectuate [the Court's] judgments" is inaccurate. The Court has not issued any decision on the merits of Canal's interpleader suit, and § 2283 does not authorize the Court to enjoin state proceedings to protect future judgments.  *See, e.g., Attick v. Valeria Assocs., L.P.*, 835 F. Supp. 103, 115 (S.D.N.Y. 1992).

Canal also argues, however, that an injunction is "necessary in aid of [the Court's] jurisdiction" because concurrent litigation in state and federal court may lead to inconsistent results.  Canal's Reply at 3.  Canal's reliance on § 2283 is misplaced.  There is no prohibition on concurrent in personam suits involving the same controversy in state and federal court. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922).  Indeed, the Supreme Court has made clear that the "in aid of its jurisdiction" language in § 2283 applies only to in rem cases. *See Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295-96 (1970); *see also* Donald L. Doernberg, *What's Wrong with This Picture?: Rule Interpleader, the Anti-Injunction Act,*

*In Personam Jurisdiction, and M.C. Escher*, 67 U. Colo. L. Rev. 551, 571-72 (1996).  An interpleader action is in personam; the property only becomes integral to jurisdiction once liability is determined.  *See Humble Oil & Refining Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir. 1968) ("Interpleader is based upon in personam jurisdiction which extends only to the funds deposited in court."); *see also Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 362 (11th Cir. 1984) (although interpleader funds were deposited in court, "[i]t was not until after judgment that a transfer of property became possible").  Rather than supporting Canal's argument, the Anti-Injunction Act further establishes that Canal's request for injunctive relief is without merit.

Perhaps recognizing that it faces an uphill battle, Canal did not discuss the factors that govern preliminary injunctions in the Fourth Circuit.  *See Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189, 193-95 (4th Cir. 1977).  Canal has not demonstrated any irreparable harm if the Court fails to enjoin the Beales' state suit, and principles of federalism and comity counsel against the issuance of an injunction in this case.  Accordingly, Canal's motion for a preliminary injunction will be denied.[11]

---

[11] As the Court has denied Canal's request for injunctive relief, the Beales' alternative argument that issuing an injunction would immunize Howell and Greggs from cross-claims will not be addressed.

III. Conclusion

For the reasons stated above, Canal's motion for a preliminary injunction will be denied.


<u>October 18, 2007</u>                    <u>            /s/            </u>
Date                                       William D. Quarles, Jr.
                                           United States District Judge

10